CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JULLIAN HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00839 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DR. AMIT SHAH, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, Jullian Huffman, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to prescribe certain medication. Huffman has not prepaid the necessary filing costs to proceed with a civil rights action and impliedly requests in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Also pending is Huffman's motion for issuance of a subpoena. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g) and deny Huffman's motion as moot.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through

prepayment or through installments withheld from the litigant's inmate trust account.  § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

Huffman has filed more than sixty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim.  *See, e.g., Huffman v. McAfee*, No. 7:24CV00640  (W.D. Va. Nov. 18, 2024) (dismissed under 28 § 1915(e)(2)(B)(i) as frivolous); *Huffman v. Fuller*, No. 7:24CV00438 (W.D. Va Oct. 30, 2024) (dismissed under 42 § 1997e(c)(1) as frivolous); *Huffman v. CO Poole*, No. 7:24CV00384; (W.D. Va. Oct. 24, 2024) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim).  Accordingly, Huffman may only proceed in forma pauperis (without prepayment of the filing fee) if he states facts showing that he faces imminent danger of serious physical injury.  § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct.  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint.  *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d

1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Huffman conclusively claims that "[t]hese defendants have failed and denied to prescribe me Wellbutrin for depression and for substance abuse of meth and nicotine. Wellbutrin and Lexapro combined are the best treatment." Compl. 4, Dkt. No. 1. Huffman has failed to establish that he is facing any imminent danger of physical injury because he has not pled any facts demonstrating a real or proximate threat of harm. Rather, he has merely asserted that he has not been prescribed a desired medication, without describing any specific imminent serious physical injury. *See Holley v. Combs*, 134 F.4th 142, 146–47 (4th Cir. 2025) (emphasizing the necessity for specificity of a plaintiff's allegations in order to survive dismissal under § 1915(g)).

For the stated reasons, I cannot find that Huffman is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Therefore, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice. It follows that Huffman's motion for issuance of a subpoena will be denied as moot.

A separate Final Order will be entered herewith.

DATED:   November 26, 2025

/s/  JAMES P. JONES
Senior United States District Judge